IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CRIMINAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff-Respondent<br><br>v.<br><br>Curtis Leroy Campbell<br>Defendant-Movant | Criminal No. 00-1<br>Civil Action No. 04-0314 |

**MOTION FOR MODIFICATION
OF AN IMPOSED TERM OF
IMPRISONMENT PURSUANT TO
18 U.S.C.S. § 3582(C)(2)**

FILED
JUL 29 2008
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Movant, Curtis L. Campbell, pro se, respectfully requests this Honorable Court to modify and reduce his sentence based on a sentencing range that has subsequently been lowered by the U.S. Sentencing Commission pursuant to 28 U.S.C.S. § 994(o). In support thereof, Movant submits the following statement of facts and procedural history:

On March 2, 2000, Movant was detained after being found guilty at trial for distributing over (50) fifty grams of cocaine base "crack cocaine" in violation of 21 U.S.C.S. § 841(a)(1). Movant was sentenced to a term of 262 months of imprisonment on May 19, 2000. Movant's sentence was amended on November 4, 2004 and his new sentence was 135 months of imprisonment.

### I. Jurisdiction

This Court possesses the authority to modify and reduce Movant's sentence pursuant to Title 18 U.S.C.S. 3582(c)(2), as it provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C.S. § 994(o), upon the motion of the defendant, the Director of the Bureau of Prisons, or on its own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.S. § 3582

In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U,S.C.S. § 3582(c)(2), the Court should consider the term of imprisonment that it would have imposed had the Amendment to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b) commentary.

Thus this Honorable Court does indeed possess the power to reduce Movant's sentence to the guideline range applicable to him, commensurate with the Amendment, after first considering the factors set forth in 18 U.S.C.S. § 3553(a) and issue a new sentence under the now advisory Guidelines.

## II. Amendment 706 as it relates to Movant

On April 27, 2007 the United States Sentencing Commission promulgated an Amendment to U.S.S.G. § 2D1.1 [Amendment 9, now Amendment 706](unlawful Manufacturing, Importing, Exporting, or Trafficking (including possession w/intent to commit these offenses); Attempt or Conspiracy) to adjust the quantity thresholds for crack cocaine "cocaine base" so that the base offense level for cocaine base, as determined by the Drug Quantity Table, will be reduced by two levels. The Commission imposed its final report and Impact Analysis on October 2, 2007, that includes eligibility for the proposed Amendment. A case has to meet the following criteria:

(A) crack cocaine was involved in the case;
(B) the base offense level was not 43;
(C) the base offense level was greater than 12;
(D) the quantity of crack cocaine was less than 4,500 grams;
(E) the offender's final offense level was not derived from the career offender or armed career offender guideline; and
(F) the offender's original sentence was greater than any applicable statutory mandatory minimum punishment, unless the offender received relief from the mandatory minimum punishment pursuant to the statutory safety valve of 18 U.S.C.S. § 3553(f) or the offender received a departure under § 5k1.1 for substantial assistance when originally sentenced.

Movant, Campbell's base offense level currently falls at level 32 CHC II, however with the application of amendment 706 pertaining to "cocaine base" would reduce this level by two placing him at a new base offense level of 30 CHC II(108-135 months).

Moreover the central case for sentences relating to cocaine base and the advisory Guidelines in the Third Circuit is now U.S. v. Gunter, 2006 Lexis 23143, (3rd Cir. Sept. 11, 2006.) Untimely, the Court found that the District Court erred in it's computation of Gunter's sentence. The Third Circuit re-affirmed its post-Booker sentencing process, U.S. v. King, 454 F. 3d 187 (3rd Cir. 2006) finding that sentencing Courts must , among other things, **exercise its discretion by considering the relevant § 3553(a) factors.** It was determined that the District Court erred by failing to fully exercise its discretion. The Court ruled that " In effect, the District Court treated the crack cocaine Sentencing Guidelines as mandatory and not advisory." The Third Circuit went on to state that "While Congress designed the 100:1 ratio to operate at the minimum and maximum poles of the mandatory statutory sentencing ranges, it was the commission that incorporated the ratio root and branch into its calculation of every cocaine offender's Guideline sentencing range..." 433 F. 3d 55.

Thus, considering Movant's sentence and the advisory Guidelines, the Court must fully exercise its discretion and the relevant 3553(a) factors pertaining to the advisory crack cocaine Sentencing Guidelines, because while the statutory minimum drug trafficking penalty in 21 U.S.C.S. § 841(a)(1) is mandatory, the above-the-statutory minimum Guideline range for drug trafficking penalties are not, after Booker.

### III. Title 18 U.S.C.S. § 3553(a) as it relates to Movant's Sentence

According to the language of § 3582(c)(2), when a District Court fashions a new sentence with an Amendment by the Commission, it must also consider factors under 3553(a). Very different from Guideline factors, the § 3553(a) factors include a defendant's history and characteristics, **[r]ehabilitation, disadvantaged upbringing, substance addiction, age, family responsibilities, and many other personal factors.**

Case law states that the holding in U.S. v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), must be applied to a defendant who receives a new sentence through a § 3582(c)(2) motion. In U.S. v. Hicks, 472 F. 3d 1167 (9th Cir. 2007), the Circuit held that, because Booker means that mandatory Guideline sentences

3.

can no longer exist in [a]ny context, the <u>Booker</u> ruling and the advisory Guideline practice must apply to any new sentencing that results from a 3582(c)(2) motion. The Circuit stated that " while § 3582(c)(2) proceedings do not constitute full re-sentencings, their purpose is to give defendants a new sentence. This re-sentencing, while limited in certain respects, still results in the Judge calculating a new Guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the Guidelines......... <u>Booker</u> excised the statute that made the Guidelines mandatory and rejected the argument that the Guidelines might remain mandatory in some cases but not in others. Mandatory Guidelines no longer exist, **in this context or any other.**" Id 1171-1172.

One of the many important elements of subsection 3553(a) that pertain to Movant is provided in section (2)(D) which states:

> The Court, in determining the particular sentence to be imposed, shall consider the need to provide the defendant with needed **educational or vocational training....** or other correctional treatment in the most effective manner.

18 U.S.C.S. § 3553(a)(2)(d).

Since his initial sentencing appearance, Mr. Campbell has been rehabilitating himself by taking advantage of the programs offered to him while incarcerated in the Federal Bureau of Prisons. He has zealously pursued a life changing course of rehabilitating himself by working in the Federal Prison Industries' Unicor, participating in Residential Blueprint Reading class, Ace Keyboarding, General Solder Operations Per J-STD-00/c in Strip and Tin, Turret Terminals, Cups and Solder Ferrules. <u>See</u> exhibit A. Movant is currently enrolled in the Commercial Drivers License class (C.D.L.) and the Parenting class. He has even obtained the privilege to reside at a Federal Prison Camp where he is able to participate in community related programs because of his good conduct record throughout his time of incarceration. These post-conviction rehabilitation efforts can be fully considered by the District Court when imposing a sentence. See <u>Sally v. U.S.</u>, 116 F. 3d 76 (3rd Cir. 1997). See also <u>U.S. v. Rudolph</u>, 190 F. 3d 720 (6th Cir. 1999).

Thus, considering the factors enumerated in § 3553(a) which include Movant's rehabilitation efforts, family responsibility efforts, and other personal factors, the Court, fully exercising its discretion, has the authority to impose a sentence within his amended Guideline range under the the advisory Guidelines.

### IV. Conclusion

Wherefore, Movant respectfully implores this Court to fully exercise its authority and modify his sentence pursuant to the foregoing Amendment. Movant is not challenging or attacking the legality of his conviction. He is only presenting the Amendment as it relates to his new advisory Guideline range. In doing so, Movant further requests that the Court consider a re-sentencing, as the purpose of a new sentence resulting from a § 3582(c)(2) motion still results in the calculation of a new Guideline range, consideration of the § 3553(a) factors, and issuing a new sentence based on the advisory Guidelines. U.S. v. Hicks, supra.

Respectfully submitted,

*Curtis Leroy Campbell*
Curtis Leroy Campbell
Petitioner pro se
# 06727-068
F.P.C. Loretto, P.O. Box 1000
Loretto Pa. 15940

## CERTIFICATE OF SERVICE

I hereby certify that (3) true and accurate copies of the foregoing Motion for Modification of an Imposed Term of Imprisonment pursuant to 18 U.S.C. S. § 3582 (c)(2) was served this 27th day of July, 2008, by regular U.S. mail with sufficient postage affixed to Robert V. Barth Jr., Clerk of Courts, U.S. District Court for the Western District of Pennsylvania, Eighth Fl., U.S.P.O. & Courthouse, Seventh and Grant Streets, Pittsburgh Pa. 15219, and (1) one copy to William C. Snyder, Esq., AUSA, Office of the United States Attorney, 700 Grant St., Suite 400, Pittsburgh, Pa. 15219.

I certify this document was given to prison officials on July 27th, 2008, for forwarding to the aforementioned addresses. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Sec. 1746

*Curtis Leroy Campbell*
Curtis L. Campbell
Petitioner pro se
# 06727-068
FPC Loretto, P.O. Box 1000
Loretto Pa. 15940