```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 00-1 |
| v. | ) |
| | ) |
| CURTIS LEROY CAMPBELL | ) |

GOVERNMENT'S RESPONSE TO MOTION
TO REDUCE SENTENCE BASED ON THE
AMENDMENT TO THE UNITED STATES
<u>SENTENCING GUIDELINES</u>

And now comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania and Constance M. Bowden, Assistant United States Attorney for said District and respectfully submits the following response to the defendant's request for a modification of his sentence pursuant to Title 21, United States Code, Section 3582(c)(2).

    1.  The defendant was originally convicted of Distribution and Possession with Intent to Distribute in Excess of 50 grams of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(ii).

    2.  On May 22, 2000, he was sentenced to a term of imprisonment of 22 years imprisonment. At 00-1698, Campbell filed an appeal from the judgement of conviction and sentence. On appeal he contended that his 22 year sentence was in violation of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S.

466 (2000). In *Apprendi*, the Supreme Court held that any fact which affected the maximum term of imprisonment that could be imposed had to be submitted to a jury and proven beyond a reasonable doubt. Pursuant to Apprendi, Campbell argued that because the drug quantity he sold was not submitted to the jury and proven beyond a reasonable doubt, a sentence in excess of 20 years pursuant to Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). He did not challenge any mandatory minimum sentence that might be required based on a finding that his offense involved 50 grams or more of cocaine base. See *United States v. Campbell*, 295 F.3d 398, 401-402 (3rd Cir. 2002). The Court of Appeals for the Third Circuit affirmed Campbell's sentence based on the finding that the sentence imposed did not constitute plain error. In refusing to find plain error, again the Court of Appeals focused on the maximum sentence that could be imposed based on the undisputed facts that were established at trial. Specifically, the Court found that since the facts indisputably showed that Campbell distributed 5 grams or more of cocaine base, the maximum sentence that could be imposed was 40 years. Since Campbell's 22 year sentence was less than the maximum sentence that could be imposed based on the evidence admitted at trial, the imposition of that sentence did not constitute plain error. See *Campbell*, 295 F.3d at 405.

    3. Subsequent to the denial of his appeal, Campbell filed a

motion pursuant to Title 28, United States Code, Section 2255. On November 4, 2004, as a result of the filing of this motion, this Court reduced Campbell's sentence to 135 months, based on a stipulation by the parties that Campbell was responsible for the distribution and possession with the intent to distribute more than 50 grams, but less than 150 grams of cocaine base, which gave rise to a guideline range of 135-168 months in prison.

    4.  Campbell now seeks a further reduction in his guideline range pursuant to Title 21, United States Code, Section 3582(c)(2) based on the recent amendment to the United States Sentencing Guidelines setting the offense level for offenses involving crack/cocaine.

    5.  We agree that a reduction is warranted.  Pursuant to the stipulation of counsel entered on October 22, 2004 that the amount of cocaine base involved in this case is more than 50 grams but less than 150 grams, the new guideline range is 30. The defendant's criminal history score was II.  With an offense level of 30 and a criminal history score of II, the new guideline range is 108-135 months.  Based on the defendant's stipulation on October 22, 2004 that at least 50 grams of cocaine base was involved in this case, the government submits that the mandatory minimum sentence of Title 21, United States Code, Section 841(b)(1)(A)(iii) applies and that this Court cannot reduce the defendant's sentence below 120 months.

6. The government does not believe that the Court of Appeals for the Third Circuit's decision in *United States v. Campbell*, 295 F.3d 398, 401-402 (3rd Cir. 2002) is to the contrary. Since the sentence at issue in that appeal was well above the ten year mandatory minimum sentence, the Court never addressed the issue of whether the facts giving rise to the mandatory minimum sentence portion of Title 21, United States Code, Section 841(b)(1)(A)(iii) had to be proven to a jury and established beyond a reasonable doubt under the Supreme Court's decision in *Apprendi*.

7. It is the government's position that neither Apprendi nor its progeny require that facts giving rise to the mandatory minimum sentence provision of Title 21, United States Code, Section 841(b)(1)(A)(iii) be submitted to the jury and proven beyond a reasonable doubt where mandatory minimum is within the maximum sentence that could be imposed given the facts established. Here the parties stipulated that 50 grams or more of cocaine base was involved. This stipulation clearly gives rise to the mandatory ten year sentence required to be imposed under Title 21, United States Code, Section 841(b)(1)(A)(iii). See *Harris v. United States,* 536 U.S. 545 (2002)(*Apprendi* does not apply to sentencing factors that increase the defendant's mandatory minimum sentence); U*nited States v. Cannon*, 2008 WL 3853404 (7th Cir. 2008), *United States v. Clark*, 2008 WL 3844167

(7th Cir. 2008).

    8.   The government agrees therefore that the defendant is entitled to a reduction of the term of his imprisonment to 120 months. All other terms and conditions of his sentence to remain in effect.

                                         <u>S/Constance M. Bowden</u>  
                                         Constance M. Bowden  
                                         Assistant U.S. Attorney  
                                         U.S. Post Office and Courthouse  
                                         Suite 4000  
                                         Pittsburgh, PA 15219  
                                         (412)894-7320 (phone)  
                                         (412)644-2645 (fax)  
                                         <u>Constance.bowden@usdoj.gov</u>  
                                         PA ID No. 37866